## ROBERT J. S. HATFIELD *et al.*

### *v.*

## MICHAEL MEROD.

FRAUDULENT CONVEYANCE—*right of grantor's surety to impeach.* A surety of a party at the time he makes a conveyance of land, who is afterwards compelled to pay the grantor's debt, is a creditor, within the meaning of the statute, and has the right to impeach the deed as fraudulent, by bill in chancery.

WRIT OF ERROR to the Circuit Court of St. Clair county; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. FRANKLIN A. McCONAUGHY, for the plaintiffs in error.

Mr. JAMES M. DILL, for the defendant in error.

Mr. JUSTICE DICKEY delivered the opinion of the Court:

This was a bill filed by Merod, a judgment creditor of Hatfield, to set aside a deed, made by Hatfield to his sister, Clark, purporting to convey his undivided interest in eighty acres of land, (his interest therein being, at that time, one undivided fourth thereof,) and to subject the same to sale in satisfaction of Merod's judgment.

The bill charges that the deed was made without valuable consideration, and for the purpose of hindering the creditors of Hatfield, and especially Merod. The decree of the circuit court granted the relief sought.

At the time of the making of the deed, Merod was bound as the security of Hatfield upon a promissory note to Dunn. Afterwards, Merod was compelled to pay Dunn, and brought suit against Hatfield for the money so paid, and recovered judgment against Hatfield. This proceeding is for the satisfaction of that judgment. Merod was then a creditor, in the sense of the statute, at the time of the making of the deed, and has a right, as such, to call in question the deed. *Choteau* v. *Jones*, 11 Ill. 300.

No other question of law is presented in this case. It is contended, however, that the proofs are not sufficient to support the decree. We have carefully examined all the evidence in the record, and find no good reason to disturb the decree. It is unnecessary to discuss the proofs in detail. It is enough to say that the testimony is contradictory, and that upon the whole evidence, properly weighed, we concur in the conclusion of the circuit court.

The decree is, therefore, affirmed.

*Decree affirmed.*