ANDREW ANNIS

*v.*

MARY E. BONAR.

1. FRAUDULENT CONVEYANCE — *conveyance for support of grantor and family.* A debtor can not, as against his creditors, transfer all his property to another to secure his future support and that of his wife and son, and such a conveyance is fraudulent in law as to creditors, although it may be good and valid as between the parties thereto.

2. The law allows no man, beyond the specific exemptions of the statute, by any form of contract or mode of disposing of property whatever to secure the use of the same to himself to the exclusion of his creditors.

3. The mere fact, however, that a party is indebted does not operate to deny him the right of securing a future support for himself and family, or for a stranger, by transferring property therefor, provided he retains other property sufficient to pay his debts.

Appeal from the Circuit Court of Knox County; the Hon. Arthur A. Smith, Judge, presiding.

This was a creditor's bill filed by Mary E. Bonar against Andrew and Ellison Annis to subject certain real estate to the payment of a judgment she had before that time recovered against her father, Ellison Annis, in the circuit court of Henry county. The judgment was for $1,370.90 and costs. The bill recites the issue of execution and its return *nulla bona.* The court below decreed the relief prayed, and Andrew Annis prosecuted this appeal.

Messrs. Douglass & Harvey, for the appellant.

Messrs. Williams, McKenzie & Calkins, for the appellee.

Mr. Chief Justice Scholfield delivered the opinion of the Court:

Mary E. Bonar exhibited her bill in equity in the court below, against Ellison Annis and Andrew Annis, to subject certain property of which Andrew claimed to be owner to the payment of a judgment which she had obtained against Ellison, on the ground that the property had been conveyed by Ellison to Andrew in fraud of her rights as a creditor.

The facts admitted in the answer of Andrew very clearly show that if complainant was, as she claims, a creditor of Ellison at the time the property was conveyed to Andrew, she is entitled to the relief sought by her bill, and the decree of the court below allowing it is right and must be affirmed. The facts are these: On November 21, 1871, Ellison conveyed to Andrew all his real estate, valued at from $2,000 to $4,000; and, at the same time, also transferred to him all of his personal property — Ellison retaining no ownership in anything whatever. Andrew executed and delivered to Ellison an instrument, of the same date, in consideration thereof, covenanting and binding himself to take charge of Ellison, Ellison's wife, and their son, Harvey, support and

9 — 86th Ill.

maintain them, and each of them, during life, and decently and respectably bury their remains after their several deaths; and this is the only consideration Andrew claims for the conveyance and transfer of the property.

There is no question but, as between the parties, the consideration is adequate — and, it may be, the motives of the parties were free from censure; but the principle, it would seem, must, to every correct apprehension, bear its condemnation upon its statement. It is that a debtor may transfer all his property to another, and thereby defeat his creditor in the collection of his debt, and yet enjoy the use of the property. The size of the family, the value of the property disposed of, and the amount or character of the debts are obviously immaterial, since the proposition admits of no limitations in these respects. If the debtor may take a covenant for support and maintenance, he may prescribe, even to the minutest details, the kind and quality. And thus property of immense value might be transferred so as to secure a life support corresponding in expense, leaving creditors, even for property thus transferred, unpaid and without the possibility of payment.

The law allows no man, beyond the specific exemptions of the statute, by any form of contract or mode of disposing of property, whatever it may be, to secure the use of his property to himself, to the exclusion of his creditors. *Robinson* v. *Stewart*, 10 N. Y. 195; *Goodrich* v. *Down*, 6 Hill, 438; *Jackson* v. *Parker*, 9 Cow. 84, 85.

It is true, the mere fact that a party is indebted does not operate to deny him the right of securing a future support for himself and family, or, for that matter, for any member of his family, or for a stranger, by transferring property therefor, provided that he retains other property of sufficient amount for the payment of his debts. But he can not defraud creditors by taking everything from which they can enforce payment of their debts, and transferring it to anticipate his own future wants, or those of others.

Although there is conflict in the evidence, we are of

opinion there is no sufficient cause to disagree with the finding of the court below with respect to the question whether complainant was a creditor of Ellison Annis.

Complainant is a widowed daughter of Ellison Annis, and sister of the defendant, Andrew Annis. Her claim is for interest on loaned money, and for services rendered her father from May 6, 1867, until January, 1872, by herself, her son, and daughter. Both she and her father, Ellison, testify to the loaning of the money, and that these services were rendered at his request. Her mother was aged and bed-ridden, suffering from some lingering disease, of which she died a few weeks after the transfer of the property to Andrew, and required much care and attention. Her brother, Harvey, was subject to epileptic fits, which gradually became more frequent and violent. He had to be watched, and, finally, closely confined, and was necessarily burdensome to all about him. He died from the effects of his disease within less than two years after the transfer to Andrew. Ellison was near eighty years old, and necessarily could contribute much less than a younger person to the care of the two unfortunates. Complainant says her son, at the time she went to live with her father, was sixteen years of age, and did farm-work, and her daughter was then thirteen. That complainant and her children were industrious is not denied. Ellison thinks her charges for their services reasonable, and he says when he transferred the property to Andrew he agreed to pay her.

Without undertaking to recite in detail the evidence, we think it sufficient to show that complainant was a *bona fide* creditor of Ellison at the time of the transfer to Andrew; and that there is not sufficient evidence to justify us in saying the amount of the judgment as rendered by the circuit court is fraudulently excessive. On this point the burden is on the defendant Andrew, and he has failed to produce the requisite amount of proof.

We see no cause to disturb the decree, and it is, therefore, affirmed.

*Decree affirmed.*