## MATTHEW PARKER ET AL.

### v.

## JOHN W. CAIN.

*Creditor's Bill—Fraudulent Conveyance.*

A conveyance by a debtor solely to secure a future support is fraudulent as against creditors.

[Opinion filed May 25, 1888.]

Parker v. Cain.

IN ERROR to the Circuit Court of De Witt County; the Hon. CYRUS EPLER, Judge, presiding.

Mr. R. A. LEMON, for plaintiffs in error.

Messrs. FULLER & INGHAM, for defendant in error.

CONGER, P. J.    This is a creditor's bill to set aside a certain conveyance as fraudulent.

On the 14th of March, 1885, Julia A. Parker was the owner of a life estate in certain lands, of which her three children, Edwin Parker, Flora Parker and Nettie Rockhold, *nee* Parker, were the owners of the fee, and on that day Mrs. Parker conveyed by quit claim deed her life estate in the property to appellant, Matthew Parker.

The reason for so doing, and the consideration upon which such conveyance was based is shown by the following agreement executed by the parties:

## "EXHIBIT A."

"Whereas, Julia A. Parker has this day conveyed to me, Matthew Parker, her life estate in certain real estate, more particularly described in a quit claim deed of this date, from her to me, and this day filed for record in the recorder's office of De Witt county, Illinois, (which see) for which I am to pay her the sum of one hundred and fifty dollars per year, during her natural life, or until the times hereinafter mentioned, for one of which annual payments I have this day given my note, due March 1, 1886, now this agreement witnesseth, that if the said Julia A. Parker shall be living on the 1st day of March, 1886, I shall give a like note for $150 to her, due in one year from that date, with eight per cent. interest, and on the 1st day of each succeeding March, if she shall be living, until March 1, 1888, inclusive.   And on March 1, 1889, I agree to execute a quit claim deed to Edwin Parker, for the undivided one third of said real estate, and on said last mentioned date, if said Julia A. Parker shall be living, I am

to execute to her my note for $75, due in one year from that date, with eight per cent. interest, and on March 1, 1890, I agree to execute to Flora Parker a quit claim deed for the remaining undivided one-third of said real estate, I having already executed a quit claim deed to Nettie Rockhold, *nee* Parker, for the undivided one-third of said real estate. It is expressly understood and agreed that in case of the death of the said Julia A. Parker in the meantime, then no further note or notes shall be given, and this contract shall be at an end and all liability shall cease.

" The consideration of said quit claim deed from said Julia A. Parker to said Matthew Parker is the consideration for this agreement. Dated this 14th day of March, 1885.

" MATTHEW PARKER,
" JULIA PARKER."

March 20, 1885, six days after such conveyance was made, appellee, John Cain, recovered a judgment against Julia Parker for groceries and supplies furnished her during the years 1882, 1883 and 1884, and having failed to make his debt by an execution, filed the bill in this case.

From a careful consideration of the foregoing agreement we have reached the conclusion that the conveyance made by Mrs. Parker can not be sustained, for the reason that it was made solely to secure a future support for the grantor. It provides for the payment to Mrs. Parker of the sum of $150 per annum for the years 1886, 1887, 1888, 1889, and for the year 1890 the sum of $75, provided Mrs. Parker shall so long live, and should she die, nothing thereafter. There is no absolute liability upon Parker to pay anything, except the first payment for which he executed his note, unless Mrs. Parker should remain alive.

Had the various payments been made to depend upon no contingency, the mere fact that they were to be made at a subsequent time would in no way have tainted the transaction.

She had a right to sell her property for an honest and fair consideration, as the law deems such consideration so received as standing in the place of, and representing to her creditors,

the property sold.   But in this transaction Mrs. Parker, beside the first note, gets nothing but a promise to pension her for a certain number of years, if she lives, and if she dies her estate is to get nothing.   Annis v. Bonar, 86 Ill. 128; Lawson v. Funk, 108 Ill. 502.

The decree of the Circuit Court will be affirmed.

*Decree affirmed.*