## MICHAEL HARTING
### v.
## GEORGE JOCKERS.

*Fraudulent Conveyances—Evidence.*

In the case presented, this court holds that the transfer complained of did not operate to hinder or delay complainant, and there being no actual fraud intended, his bill was properly dismissed.

[Opinion filed September 20, 1890.]

APPEAL from the Circuit Court of Jersey County; the Hon. GEORGE W. HERDMAN, Judge, presiding.

Mr. JOSEPH S. CARR, for appellant.

Messrs. WISE & DAVIS, for appellee.

*Per Curiam.* This case was here at a former term, the question then being whether the bill was good.

The Circuit Court had sustained a general demurrer and dismissed the bill. We are of opinion that the bill was substantially good, and reversed the ruling of the Circuit Court. The cause having been remanded the defendant answered, and there was a hearing upon the issues of fact raised by the

pleadings. The court found for defendant and dismissed the bill with costs, from which decree an appeal is prosecuted by the complainant.

The material allegations of the bill are all clearly sustained by the proof, except the allegation that by the transfer in question, the said Huster was rendered insolvent. As to this there is some difficulty, and it all turns upon the value of certain indebtedness due from the Eglhoffs, amounting to about eighteen hundred dollars, for which new notes, extending the time of payment one, two and three years were taken subsequent to the transfer. It was contended by the defendant below that this was sufficient to pay all that Huster owed · at the time, and that in a legal sense the complainant was not hindered or delayed by the transfer, and as there was no actual fraud intended by the parties thereto, the relief sought by the bill should not be granted.

The Circuit Court concurred with this view, and upon a careful consideration of the proofs a majority of this court are inclined to agree with the Circuit Court.

The decree will therefore be affirmed.

*Decree affirmed.*

WALL, J. I am unable to assent. I think the transfer in question rendered Huster insolvent notwithstanding he retained the Eglhoff claims. Those claims are found to be worthless and were probably so at the time of the transfer, so that the effect was to materially hinder and delay the collection of the demand of complainant. Upon the authority of Phelps v. Curts, 80 Ill. 109, Patterson v. McKinney, 97 Ill. 41, Moore v. Wood, 100 Ill. 451, and Marmon v. Harwood, 124 Ill. 104, I think the decree should have been in favor of the complainant.