## Lyman Sanderson et al. v. Norman G. Snow.

1. FRAUDULENT CONVEYANCES—*Security Debts will be Protected Against.*—A security can not make a voluntary conveyance of all his property without consideration and leave a security debt unprovided for although the principal be able at the time to pay the debt; and such a conveyance will in law be regarded as fraudulent and will be set aside by a court of chancery upon the application of the party aggrieved.

2. JUDGMENTS—*Collateral Attack upon, under Creditor's Bill.*—The judgment in the original suit can not be attacked under a creditor's bill to enforce it, on the ground that there was no binding obligation existing at the time of the rendition of the judgment. The existence of such obligation will be conclusively presumed as against grantees of the judgment debtor.

3. ERROR—*Who May Complain.*—Part of the defendants in a suit can not assign for error the rendition of a judgment for costs against the estate of another defendant, to be paid in due course of administration, on the ground that the personal representative of such defendant was not a party to the suit.

Creditor's Bill.—Appeal from Circuit Court of La Salle County; the Hon. CHARLES BLANCHARD, Judge, presiding. Heard in this court at the December term, A. D. 1896. Affirmed. Opinion filed January 13, 1897.

R. D. McDonald, attorney for appellants.

Duncan, Haskins & Panneck, attorneys for appellee.

Mr. Justice Lacey delivered the opinion of the Court.

The appellee, Norman G. Snow, filed a bill in the nature
of a creditor's bill, for the purpose of removing certain con-
veyances of real estate from Lyman Sanderson, Sr., to ap-
pellants, Lyman Sanderson, Jr., and Winfield Sanderson,
out of the way of appellees' writ of *fieri facias*, issued on a
judgment of appellee against the said Lyman Sanderson, Sr.

The averments in the bill were, in substance, that ap-
pellee, on the 12th of November, 1894, recovered judgment
against Hiram Holmes and Lyman Sanderson, Sr., in the
County Court of La Salle County, for $843 and costs of
suit.   That execution had issued on said judgment on March
9, 1895, and that the execution was still in the hands of
the sheriff.

That previous to the rendition of said judgment, Lyman
Sanderson, Sr., was the owner of certain real estate described
in the bill.

That prior to the rendition of the judgment, to wit, March
18, A. D. 1891, and after the indebtedness on which the same
was rendered had accrued, the said Lyman Sanderson, Sr.,
conveyed all said real estate to Lyman Sanderson, Jr., and
Winfield Sanderson, for a pretended consideration of $2;
that the conveyance was not real but was intended to de-
fraud appellee and other creditors of said grantor, and that
said appellants held said real estate in trust for Lyman San-
derson, Sr., for the purpose of preventing a levy on same;
that said Lyman Sanderson, Sr., had no other property lia-
ble to execution; that Hiram Holmes, the other defendant
in the execution, was insolvent, and had no property liable
to execution.   The bill prayed for the setting aside of the
said conveyance and that appellee be authorized to proceed in
his execution, or other to be issued, and that the sheriff be
directed to levy on said real estate and sell it to satisfy that
judgment and costs, and for general relief.

The respondents, Lyman Sanderson, Sr., Lyman Sanderson, Jr., and Winfield Sanderson answered, calling on appellee for proof of the allegations of the bill except they denied the conveyance was fraudulent or that Lyman Sanderson, Jr., and Winfield Sanderson held the said real estate in trust for said Lyman Sanderson, Sr., or that the conveyance was made for the purpose of hindering and delaying the creditors of Lyman Sanderson, Sr., and called for proof as to the insolvency of Holmes.

The said appellees, grantees in the deed, set up in their answer that they were innocent purchasers of the land in good faith for the sum of $3,000, mortgages on said land and debts of the said Lyman Sanderson, Sr., which they assumed and agreed to pay in consideration of the conveyance to them.

That the note on which the judgment was rendered became due June 12, 1890, and from that day till the first day of January, 1895, the said Holmes was solvent, and, appellees claim, could have been made out of him by the use of proper diligence. And that Lyman Sanderson, Sr., their grandfather, signed the said note only as security for said Holmes.

The cause was referred to the master, who filed his report making special findings sustaining the main allegations of the bill. Appellants carried the exceptions made before the master and by him overruled, to the Circuit Court. Thereupon appellee amended his bill in such manner as to charge legal fraud, so called, instead of actual fraud, on the part of Lyman Sanderson, Sr., in making the conveyance complained of, and adding other real estate as having been conveyed, and charging that Lyman Sanderson, Sr., had conveyed from himself all the real estate he then owned, and that he had no personal estate. In the meantime Lyman Sanderson, Sr., had died, being quite an old man, and the court ordered that the answers to the original bill, filed by Lyman Sanderson, Jr., and Winfield Sanderson, stand as answers to the bill as amended; to this order there appeared no objection at the time.

The court thereupon rendered a decree that the deed of

March 18, 1891, of Lyman Sanderson, Sr., to his grandsons, appellants, be set aside and vacated and declared null and void, and of no effect whatever, as against the complainant, and after giving appellants, Lyman Sanderson, Jr., and Winfield Sanderson ten days in which to pay said judgment, interests and costs, authorized the appellee to proceed on his execution then issued, or on another to be issued, and sell said real estate to satisfy said judgment and costs, and that the costs of the suit be paid out of the estate of Lyman Sanderson, Sr., in due course of administration.

The master's report, among other things, showed that the consideration for the conveyance by Lyman Sanderson, Sr., to his grandsons, the appellants, was wholly voluntary and without consideration except a secret trust in favor of Lyman Sanderson, Sr., to the effect that the said grantees were to pay the grantor an annuity of $300 per year during the grantor's life, payable quarterly on the first day of January, April, July and October of each year, and also to support and furnish him with board and lodging for and during his natural life, and to give him, which was conveyed, free of rent a certain ten acres of the property deeded, which agreement was in writing executed by appellants, contemporaneously with the execution of the deed. Lyman Sanderson, Jr., testified he was to pay all the debts which deceased owed, for which he had received value, which would not amount to over $3,500, most of it being in mortgages on the land conveyed. The real estate conveyed was worth $20,000, as shown by the evidence.

There is little or no dispute as to the evidence or as to the correctness of the master's report. It appears from the master's report that Lyman Sanderson, Sr., was security on the Holmes note to appellee, and that he was never asked for the money until about 1894, when Holmes became insolvent, and that Holmes had kept the interest on the note paid up to and including 1893, and to October, 1894; the note bearing date June 12, 1889, for $800, at eight per cent interest, due one year after date.

The objections made to the decree are either technical or unsubstantial, and without merit.

It is insisted that inasmuch as Holmes was solvent at the
time the conveyance from Lyman Sanderson, Sr., was made
in and by which he conveyed his entire property to appel-
lants, and rendered himself insolvent and unable to pay his
debts, the conveyance was not in fact or law fraudulent, be-
cause the argument is, that Holmes at the time was solvent
and able to pay the note due appellee; and Matthews et al.
v. Jordan et al., 88 Ill. 602; Bittinger v. Kasten et al., 111
Ill. 264; Moritz v. Hoffman, 35 Ill. 553, and Van Wyck v.
Seward, 6 Paige, 64, are cited.

We do not understand that either of the above cases show
or hold that a security may make a voluntary conveyance
of all his property without consideration and leave a secu-
rity debt unprovided for and himself with no means to satisfy
his obligation, simply because the principal was able at the
time to pay the debt.

This would be in effect to disregard his own obligation—
one he had voluntarily entered into and agreed to fulfill.
The joint maker of a note, though security for the principal
maker, is, in law, as far as collection is concerned, a principal
in relation to the payee.

If he desires the principal pushed to payment under the
statute he must give notice in writing to the payee to sue
the note, otherwise he will be held indefinitely, the same as
the principal maker.

The cases above cited, put in a condition as to what is
said about a surety having a right to convey his property
by gift or even in trust for himself, that he must retain
enough to pay his obligation, and this we understand with-
out reference to the ability of the principal to pay the debt.

Therefore the question as to whether the appellants San-
derson and Sanderson are bound by the appellee's judgment
or not is unimportant. The property conveyed to them is
liable to its payment though they are not personally bound.
The existence of the debt at the time of the judgment is
conclusively presumed as against the grantees in the con-
veyance, appellants here. Fitzpatrick v. Rutter, 160 Ill.
282; Davidson v. Burke, 143 Ill. 139.

Where there is a secret trust in favor of the grantor as a consideration of the conveyance, and in part a valuable consideration, and property is not retained by the grantor sufficient to satisfy his debts, the transaction will in law be regarded as fraudulent and a court of chancery will not enter upon the task of determining what part of the "consideration is money and other property, and what part is to be paid in the future support of the grantor," but will treat the conveyance as a nullity "between the grantee and the creditors and hold the property liable for their claims." Moore v. Wood, 100 Ill. 451; Gordon v. Reynolds, 114 Ill. 118.

There was no error committed in allowing the bill to be amended and the answer to stand to the amended bill.

The decree does not have the effect of setting aside the appellants' deed from Lyman Sanderson, Sr., except in aid of the executions mentioned in the bill and decree, and the decree is not against appellants, requiring them to pay the judgment, only that the lands may be sold under the executions in case appellants do not pay it.

There was no error of which appellants can complain in decreeing costs against Lyman Sanderson, Sr.'s, estate. Whether the administrator, not being a party, is bound or not, is no concern of the appellants, and they are not in any way injured. The costs might have been properly charged to them or made a lien on the land, but no cross-error is assigned by appellee in that particular, and can not be considered here.

There appears no substantial reason for the reversal of the decree. It is therefore affirmed.