### Conrad Weller v. Stephen Schulte et al.

FRAUDULENT CONVEYANCE—*when creditor may attack.* A creditor whose claim has matured since the conveyance alleged as fraudulent was made may. attack such conveyance if the contract upon which his debt and judgment are predicated was in existence at the time of such conveyance.

Creditor's bill. Appeal from the Circuit Court of Montgomery county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the May term, 1907. Reversed and remanded. Opinion filed December 7, 1907.

LANE & COOPER and AMOS MILLER, for appellant.

HOGAN & WALLACE and JETT & KINDER, for appellee.

MR. JUSTICE RAMSAY delivered the opinion of the court.

Conrad Weller, appellant, claiming to be a judg-

ment creditor of Stephen Schulte, filed a bill against
him, Catherine Schulte, his wife, and Joseph B.
Schulte, his son, appellees, to set aside deeds purport-
ing to convey Stephen Schulte's interest in lands and
premises in the village of Raymond, Illinois, and to
subject the same to sale in payment of a judgment
for $154.35, which appellant had recovered against
said Stephen Schulte.

The bill in substance charged that the deeds which
purported to convey title from Stephen Schulte and
wife to their son, Joseph B. Schulte, and from Joseph
B. to his mother, Catherine Schulte, were made with-
out consideration and long subsequent to the making
of the contract on which liability was alleged against
Stephen Schulte, and were made to hinder and delay
appellant in the collection of any judgment he might
recover against said Stephen Schulte. There was a
decree in the Circuit Court denying the relief sought
and dismissing appellant's bill.

The agreement in writing under which the rights
and liabilities of the parties were fixed and established
and by force of the terms of which appellant recov-
ered his judgment against Stephen Schulte, was dated
December 16, 1898, although no judgment was recov-
ered thereon until the seventeenth day of February,
1904.

The deeds involved, which this suit was instituted
to set aside, were all made in February, 1900, and it is
now contended by appellee that appellant, at the time
of the conveyances by Stephen and Catherine, his wife,
to Joseph B. and by Joseph B. to Catherine, was not
a "creditor" in the sense in which that term is em-
ployed in the statute.

While no judgment was obtained by appellant
against Stephen Schulte until some time after the con-
veyances were executed, yet the contract or agree-
ment which bound Stephen Schulte to payment, and
upon which his liability was afterwards established,
was in existence at the time of the making of the deeds

which rendered appellant a creditor under the statute and authorized him to attack the deeds upon the ground of fraud.

"The term 'creditor' has received a liberal construction. The character of the claim, if just and lawful, is not material. It need not be due when the fraudulent transfer is made. It may be absolute or contingent. A liability as surety is as much within the statute as a liability as principal." Dunphy v. Gorman, 29 Ill. App. 132-135; Chouteau v. Jones, 11 Ill. 300; Hatfield v. Merod, 82 Ill. 113; The Estate of Ramsay v. Whitbeck, 183 Ill. 550-567.

The trial court was in error in adopting the view that appellant was not a creditor of Stephen Schulte at the time of the execution of the deeds in question.

We have carefully examined all the evidence and are fully satisfied that the conveyances sought to be set aside were made without consideration and are fraudulent as to creditors. The finding of the Circuit Court upon this question to the above effect was sustained by the evidence, but its finding that appellant was not a creditor in the sense in which that term is employed in the statute was error.

Other matters have been argued in this case which are not of enough importance or merit to warrant a discussion thereof. The decree is reversed and the cause remanded with directions to the Circuit Court to enter a decree as prayed for in appellant's bill.

*Reversed and remanded with directions.*