**McKEY et al. v. ROETTER et al.**

No. 7206.

Circuit Court of Appeals, Seventh Circuit.

July 3, 1940.

Rehearing Denied Aug. 8, 1940.

Writ of Certiorari Denied Oct. 28, 1940.

See 61 S.Ct. 72, 85 L.Ed. ——.

Aiken, McCurry & Bennett, of Chicago, Ill. (Charles R. Aiken, of Chicago, Ill., of counsel), for appellant.

Leonard & Leonard, of Chicago, Ill. (Gordon McLeish Leonard, of Chicago, Ill., of counsel), for appellants Armin F. Hillmer et al.

Arthur H. Jones and Reuben Freedman, both of Chicago, Ill., for appellees.

Before SPARKS and KERNER, Circuit Judges, and LINDLEY, District Judge.

KERNER, Circuit Judge.

On April 24, 1939, the trustee of the estate of Burt Leopold Roetter, bankrupt, filed a plenary action against Dorothy E. Roetter to recover certain personal property alleged to have been transferred by the bankrupt to his wife in fraud of his creditors. The cause was tried by the court without a jury. At the close of the plaintiff's evidence the court dismissed the complaint for want of equity. To reverse that decree plaintiff appealed.

The complaint alleged in substance that Armin F. Hillmer and others as representatives of all creditors of Chicago Bank of Commerce recovered a decree or judgment on September 6, 1938, in the Superior Court of Cook County, Illinois, against Burt Leopold Roetter for $20,200; that before the rendition of the judgment said Roetter was the owner of certain personal property described in the complaint consisting of bonds, certificates of stock, and life insurance policies; that on May 22, 1934, said Roetter transferred said personal property to his wife, thus rendering him insolvent; that said transfer was without any good or valuable consideration and for the sole purpose of concealing his assets to hinder, delay and defraud his creditors.

The answer of Dorothy E. Roetter denied that the transfer was made to her with the intent to hinder and defraud creditors; denied that the transfer was made on May 22, 1934, and averred that shortly after her marriage to Roetter in 1928 and at a time when Roetter had no debts, she and her husband entered into a contract whereby she agreed to accept said property; that said property and the income therefrom would be used for her maintenance and for the care and education of any children that might be born to them, as well as for the support of Roetter's mother, and that in conformity with said agreement said personal property was transferred to her during 1928, 1929 and 1930; that because she did not have a suitable place to keep said securities she requested her husband to retain them for her; that said property was kept by her husband until May, 1934, and he then delivered said securities to her.

The controlling important facts proved were as follows: on June 24, 1932, the Chicago Bank of Commerce, an Illinois banking corporation, was closed by the Auditor of Public Accounts of the State of Illinois and thereafter proceedings were instituted to enforce the superadded liability of the stockholders of the bank; Roetter, a defendant in that case, was personally served with summons on July 19, 1932 and on August 2, 1932, an attorney filed his appearance in that proceeding. Roetter denied that he authorized the filing of his appearance and that he was served with summons on July 19, 1932, and testified he was not served until July, 1934. In 1934 Roetter retained Arthur H. Jones to represent him in the bank liability suit in which a decree or judgment was entered against Roetter for $20,200 on September 17, 1938. On October 18, 1938, an execution was issued on said judgment, served upon Roetter and returned nulla bona. On December 15, 1938, Roetter filed his voluntary petition in bankruptcy, scheduling among his liabilities the judgment for $20,-200. He was adjudicated a bankrupt and Frank M. McKey was appointed trustee. There were no assets in the estate with which to pay the judgment.

Roetter owned the securities described in the complaint, consisting of twelve issues of negotiable bonds amounting to $113,000 and certificates of stock valued at about $35,000. On May 22, 1934, he removed these securities from his rented safety deposit vault and delivered them to his wife. Up to May 22, 1934, he received all the proceeds from these securities, depositing them in his personal checking account. After delivering these securities to his wife, his entire assets did not exceed $10,000. On October 22, 1936, in a verified statement, he claimed that his entire assets amounted to $105.

Dorothy E. Roetter testified that after her marriage in 1928 her husband stated: "Dorothy, I want you to have some bonds and stocks that are mine and I want you to have them to use for the household or children that may be born and for the purpose of taking care of my mother." She also stated that the stocks and bonds were given to her not all at one time, but over a period of years, beginning in 1928; that they were kept by her husband in his safety deposit vault; that two lists were prepared, marked "Burt" and "Dot," to indicate their respective holdings and that the physical possession of the stocks and bonds was delivered to her in May, 1934. She further testified that although her husband received the income from the stocks and bonds, he turned it over to her and it was used to defray household expenses, education of the children, and maintenance of her mother-in-law.

The plaintiff contends that the evidence established that the transfer of the personal property to the defendant was fraudulent and tended to hinder, delay and defraud the bankrupt's creditors.

Firmly entrenched in our jurisprudence is the rule that the owner of property may at any time give his property to anyone he chooses, so long as he thereby injures no then existing creditors, Bittinger v. Kasten et al., 111 Ill. 260, 264. If, however, its legal effect works a fraud on the rights of a creditor, it will be deemed fraudulent, and such a creditor may impeach the transfer. Moore, Adm'r v. Wood et al., 100 Ill. 451; Lawson v. Funk, 108 Ill. 502; Patterson v. McKinney, 97 Ill. 41.

But in our case counsel for the defendant insists it was incumbent upon plaintiff to prove a case of an actual intent by defendant to defraud the bankrupt's creditors, or that she knowingly participated in the fraud, and he points to the fact that she had no knowledge that her husband had any debts or that he was a defendant in the stockholders' liability suit. We find no merit in this contention.

In discussing a somewhat similar contention made in Lawson v. Funk, supra, the court at page 507 of 108 Ill. said: "The authorities clearly establish two distinct grounds upon which conveyances * * * will be deemed fraudulent as against creditors: First, such as are entered into with a fraudulent intent; and second, such as, from the terms of the agreement or the nature of the transaction itself, are deemed so as a mere inference of law, without regard to the motives or actual intentions of the contracting parties. In the first class of cases the fraudulent intent is always a question of fact, to be established by extrinsic proofs. In the latter, the agreement, under the circumstances shown, is deemed fraudulent, although the parties may have acted in the best of faith. * * * All such contracts and transactions are conclusively presumed, as an inference of law, to be fraudulent, without regard to the real motives or purposes of the parties."

See, also, Harting v. Jockers, 136 Ill. 627, 27 N.E. 188, 29 Am.St.Rep. 341; Birney v. Solomon, 348 Ill. 410-415, 181 N.E. 318; Kennard v. Curran, 239 Ill. 122, 129, 87 N.E. 913, and Reisch v. Bowie, 367 Ill. 126, 10 N.E.2d 663.

The defendant, however, makes the point that it cannot be said that the transfer of the stocks and bonds was fraudulent because plaintiff did not prove, at the time of the transfer, that the transferor was insolvent.

The liability on bank stock is contractual, primary and absolute and attaches upon its purchase. Golden v. Cervenka, 278 Ill. 409, 116 N.E. 273; Babka Plastering Co. v. City State Bank, 264 Ill. App. 142. It was sufficient that Roetter's liability be afterwards established, Weller v. Schulte, 137 Ill.App. 520. In the instant case, the transfers were voluntary, Moore v. Wood, supra, and Harting v. Jockers, supra, and at a time when the transferor was indebted in excess of his retained assets. Under such circumstances it is not imperative that actual insolvency be proved. Birney v. Solomon, supra and Adams v. Deem, 296 Ill.App. 571, 16 N.E. 2d 817.

However, the complaint alleged and the proof established that the creditors of the Chicago Bank of Commerce secured a judgment against Roetter upon which an execution was issued and returned no part

satisfied and that Roetter had made a voluntary transfer of his assets without retaining sufficient property to meet his liabilities. In such a case the conclusion necessarily follows that the transfer was made with fraudulent intent to defraud, hinder or delay his creditors. Annis v. Bonar, 86 Ill. 128; Marmon v. Harwood, 124 Ill. 104, 16 N.E. 236, 7 Am.St.Rep. 345; and Lawson v. Funk, supra.

We conclude the District Court should not have dismissed the complaint, but should have entered a decree setting aside the transfers.

The decree of the District Court is reversed and the cause is remanded for further proceeding in harmony with the views herein expressed.