## LUKINS *v.* AIRD.

A debtor in failing circumstances cannot sell and convey his land, even for a valuable consideration, by deed without reservations, and yet secretly reserve to himself the right to possess and occupy it, for even a limited time, for his own benefit. Nor will this rule of law be changed by the fact that the right thus to occupy the property for a limited time is a part of the consideration of the sale, the money part of the consideration being on this account proportionably abated.

APPEAL (submitted) from the District Court of the United States for Western Arkansas. Aird being indebted, and having subsequently failed, either sold, or conveyed under a pretence of a sale, certain town lots, at Fort Smith, Arkansas, which he owned, and which had cost him, it seemed, $1900, to one Spring. Spring paid him $1200 in money; agreeing that Aird should have the use of two of the lots for one year free of rent, and with a privilege, so long as Spring did not desire to make any use of them himself, or to sell them, of renting them at $100 a year—the money paid being made less on account of this right to use the lots rent free for the year. Aird was at this time a single man, but was married directly afterwards, and occupied the two lots from November 23, 1853, till the spring of 1856. Lukins, one of his creditors, now filed a bill against both Aird and Spring, alleging that the transaction was fraudulent in fact and in law, and praying that the conveyance might be declared void, and the property subjected to the claims of creditors. The court below, conceiving that the proofs established no fraud in fact, and apparently, that the interest reserved was a part of the consideration, and not of great value, dismissed the bill. Lukins appealed, and the case was now here for review.

*Mr. A. H. Garland, for the appellant,* went into an analysis of the evidence to show fraud in fact, and contended, also, that independently of this the case showed such fraud *in law* as vitiated the deed; referring to the statutes of 13 and 27 Elizabeth, and to the commentary on them, in Twyne's Case;* where goods were sold, and possession retained.

*No opposing counsel.*

Mr. Justice DAVIS delivered the opinion of the court.

It is not important to inquire, whether, as a matter of fact, the defendants had a purpose to defraud the creditors of Aird, for the fraud in this case is an inference of law, on which the court is as much bound to pronounce the conveyances in question void as to creditors, as if the fraudulent intent were directly proved. There is no necessity of any general discussion of the provisions of the statutes of Elizabeth, concerning fraudulent and voluntary conveyances, as this suit is within narrow limits, and the principle on which we rest our decision too well settled for controversy. The law will not permit a debtor, in failing circumstances, to sell his land, convey it by deed, without reservations, and yet secretly reserve to himself the right to possess and occupy it for a limited time, for his own benefit.† Such a transfer may be upon a valuable consideration, but it lacks the element of good faith; for while it professes to be an absolute conveyance on its face, there is a concealed agreement between the parties to it, inconsistent with its terms, securing a benefit to the grantor, at the expense of those he owes. A trust, thus secretly created, whether so intended or not, is a fraud on creditors, because it places beyond their reach a valuable right—the right of possession—and gives to the debtor the beneficial enjoyment of what rightfully belongs to his creditors.

---

* 1 Smith's Leading Cases, 1; see also Sexton *v.* Wheaton, 1 American Leading Cases, 18.

† Wooten *v.* Clark, 23 Mississippi (1 Cushman), 75; Arthur *v.* Com. & Railroad Bank, 9 Smeedes & Marshall, 394; Towle *v.* Hoit, 14 New Hampshire, 61; Paul *v.* Crooker, 8 Id. 288; Smith *v.* Lowell, 6 Id. 67.

In this case the conveyances which are impeached are attended with a trust of this nature, and cannot be sustained against the creditors of Aird. It is in proof that Aird retained the possession of the premises, which he sold and conveyed, from the 23d day of November, 1853, the date of the deed, until the spring of 1856, in pursuance of a parol agreement, incompatible with the conditions of the deed. By this agreement he reserved the right of possession for one year free of rent, and this reservation constituted a part of the consideration paid by Spring for the property, and, being contrary to the provisions of the deed, was the creation of a secret trust, for the benefit of Aird, to the extent of the interest reserved, and therefore rendered the conveyance fraudulent as to creditors, and void. If Spring could, in this way, pay part of the consideration, why not extend the term of the reservation, and pay the whole of it? It makes no difference in the legal aspect of this case, that the interest reserved was not of great value. It is enough that it was a substantial interest, for the benefit of the grantor, reserved in a manner which was inconsistent with the provisions of the deed.

DECREE REVERSED, and the court below ordered to enter a decree setting aside the conveyance as fraudulent.

