# Richmond.

ROBBINS V. ARMSTRONG, CATOR & CO.

APRIL 26th, 1888.

Absent, Richardson, J.

POST-NUPTIAL SETTLEMENTS—*Burden of proof.*—Post-nuptial settlements are presumed to be voluntary. The burden of repelling this presumption rests on those claiming under them. If the bill charges them to be voluntary, and the answer denies the charge, such denial is not evidence for respondent, and does not shift the burden of proof, but a valuable consideration moving from the wife must be proved. Code 1873, ch. 114, § 2. *Perry* v. *Ruby*, 81 Va., 317.

Appeal from decree of circuit court of Northampton county, rendered October 20th, 1886, in the cause wherein Armstrong, Cator & Co. and others, the appellees, were complainants, and Isaac D. Robbins and Eliza E. Robbins, his wife, and Stratton B. Downing, trustee, etc., the appellants, were defendants. Opinion states the case.

*John S. Wise,* for the appellants.

*Christian & Christian,* for the appellees.

FAUNTLEROY, J., delivered the opinion of the court.

The bill is filed by the appellees, creditors of Isaac D. Robbins, Sr., to set aside a *post-nuptial* settlement made by the said

Robbins, dated 30th September, 1885, to Stratton B. Downing, trustee, for the sole benefit of Eliza, the wife of Isaac D. Robbins, Sr., on the alleged ground that the said deed creating the said settlement is without consideration and voluntary, and that it was made to hinder, delay, and defraud the attacking creditors of the said settler—Isaac D. Robbins.

The court below, by its decree complained of, annulled the deed of settlement of 30th of September, 1885, as being voluntary and without valuable consideration, and void as to the creditors of Isaac D. Robbins, Sr., the settler; and set the said deed aside, and ordered a sale of the personal property embraced in said deed, and an account of liens upon the land, to satisfy the claims of the creditors who filed the bill. The propriety of the decree is, we think, beyond question.

That the debts asserted by the creditors in their bill are just and pre-existed the date of the deed, *is admitted.* The bill charges, that the settlement is without consideration and voluntary, and therefore void under section 2 of chapter 114, Code of 1873. This is denied in the answers, which set forth affirmative matter to show that Mrs. Robbins, the wife of the settler, was entitled to certain *maiden* property from the estate of her father, who died many years previously to the date of the deed of 30th September, 1885, the proceeds of which were received by her husband, upon an agreement between them, that he, the said Isaac D. Robbins, Sr., "would convey to a trustee, for her (the said Eliza E. Robbins) sole and separate use, lands of the said Isaac D. Robbins, Sr., to the full value of her said property received by him as aforesaid." But there is not one particle of evidence in the record to show the truth of these affirmative statements of the answers.

Post-nuptial settlements are presumed to be voluntary, and "void as to creditors whose debts shall have been contracted at the time it was made;" and the onus is upon those claiming under them to prove that they were made for a valuable consideration moving from the wife; and the answers to a bill

charging that they are voluntary, are not allowed to shift this presumption; but the defence set up in the answer must be established by proof. *Hatcher* v. *Crews*, 78 Va., 465; *Blow* v. *Maynard*, 2 Leigh, 31; *Fink* v. *Denny*, 75 Va.; *Lewis* v. *Mason, ante*, p. 731; *Perry* v. *Ruby*, 81 Va., 317; *Lewis* v. *Caperton*, 8 Gratt., 148; *Price* v. *Thrash*, 30 Gratt., 515; *Campbell* v. *Bowles' adm'r*, 30 Gratt., 652; *Armstrong, Cator & Co.* v. *Lachman, ante*, p. 726; *Jones* v. *Degge, ante*, p. 685. There is in this case *no proof* of the alleged contract or consideration set up in the answers for the deed of September 30th, 1885, by which Robbins, who was then indebted as alleged in the bill, attempted to convey to the trustee, Downing, for the benefit of Eliza E. Robbins, his wife, all the property he had on earth, more than six years after the alleged agreement was (alleged to have been) made. The decree appealed from is right, and we are of opinion to affirm the same.

DECREE AFFIRMED.