BROWN, Respondent, v. SHERMAN et al., Appellants. (Supreme Court, Appellate Division, Fourth Department. April 10, 1897.) Action by Helen M. Brown against Nathaniel B. Sherman, as sheriff of Allegany county, and another. J. V. Goodwell, for appellants. J. S. Phillips, for respondent.
PER CURIAM. The issues in this action involve the validity of an agreement executed in conjunction with, and constituting a part of, a bill of sale of certain property from Anson D. Brown, the husband of the plaintiff, to one Decatur M. Clark, from whom the plaintiff derives whatever title she has to the property, which she alleges has been converted by the defendants. The bill of sale bears date the 11th day of April, 1883, and one of the considerations for the transfer of the property mentioned therein was the agreement of Clark to board and care for the vendor, Brown, and his family, for the term of one year from October, 1882. In September, 1883, and about a month after the marriage of the plaintiff to Brown, Clark transferred to her the property thus acquired by him from Brown, with the exception of one of the mortgages specified in the bill of sale. The plaintiff thereupon assumed the obligation of Clark to perform all the conditions mentioned in the agreement between him and Brown, and immediately thereafter Clark was released by Brown from the further performance of such

conditions. It was very properly held by the learned trial justice that, as between Clark and the creditors of Brown, the agreement to which reference has just been made was void. But it was left for the jury to say whether, in taking from Clark a transfer of the property embraced in the bill of sale to him from Brown, with the assumption of all the obligations and conditions therein contained, the plaintiff acted in good faith, and without notice of the invalid provision relating to the support of Brown and his family; and upon this issue' the jury rendered a verdict in favor of the plaintiff. The record before us shows that Mrs. Brown read the bill of sale, and knew its contents. It is claimed, however, that the agreement to support her husband and his family did not come under her personal observation, and the evidence is not altogether clear upon that subject; but, in view of the fact that the plaintiff not only assumed this obligation as one of the considerations for the transfer of the property to her, but actually fulfilled the same for the remainder of the year, and in view of the further fact that she fails to show that the moneys paid by her to Clark were her moneys, or to satisfactorily explain from what source she obtained the same, we are of the opinion that the conclusion reached by the jury was not warranted by the evidence, and that, consequently, a new trial should be directed. Order reversed upon the facts, and a new trial granted, with costs to abide the event.