HELEN M. BROWN, Respondent, *v.* NATHANIEL B. SHERMAN, as Sheriff of the County of Allegany, and CHARLES DOW, Appellants.

*Bill of sale — a consideration that the vendee will support the vendor's family is bad as against the vendor's creditors — who is not a* bona fide *purchaser from such a vendee.*

An agreement constituting part of the consideration of a bill of sale, which provides that the vendee shall board and care for the family of the vendor for a year, is void as between the vendee and the creditors of the vendor.

Where the property covered by such a bill of sale is purchased by a woman who a few months thereafter becomes the wife of the vendor, supported his family for a part of the year, pursuant to the condition in the original bill of sale, and read the bill of sale and knew its contents, although the agreement to support her husband and his family did not come under her particular observation, a verdict to the effect that she purchased in good faith and without notice of the invalid provision of the agreement will not be sustained.

APPEAL by the defendants, Nathaniel B. Sherman, as sheriff of the county of Allegany, and another, from an order of the Supreme Court, made at the Cattaraugus Special Term and entered in the office of the clerk of the county of Allegany on the 15th day of June, 1896, denying the defendants' motion to set aside a verdict, and for a new trial made upon a case containing exceptions.

*J. V. Goodwell* and *William H. Henderson,* for the appellants.

*J. S. Phillips,* for the respondent.

PER CURIAM:

The issues in this action involve the validity of an agreement executed in conjunction with, and constituting a part of, a bill of sale of certain property from Anson D. Brown, the husband of the plaintiff, to one Decatur M. Clark, from whom the plaintiff derives whatever title she has to the property, which she alleges has been converted by the defendant.

. The bill of sale bears date the 11th day of April, 1883, and one of the considerations for the transfer of the property mentioned therein was the agreement of Clark to board and care for the vendor, · Brown, and his family for the term of one year from October, 1882.

In September, 1883, and about a month after the marriage of the plaintiff to Brown, Clark transferred to her the property thus acquired by him from Brown, with the exception of one of the mortgages specified in the bill of sale. The plaintiff thereupon assumed the obligation of Clark to perform all the conditions mentioned in the agreement between him and Brown, and immediately thereafter Clark was released by Brown from the further performance of such conditions.

It was very properly held by the learned trial justice that, as between Clark and the creditors of Brown, the agreement to which reference has just been made was void. But it was left for the jury to say whether, in taking from Clark a transfer of the property embraced in the bill of sale to him from Brown, with the assumption of all the obligations and conditions therein contained, the plaintiff acted in good faith, and without notice of the invalid provision relating to the support of Brown and his family, and upon this issue the jury rendered a verdict in favor of the plaintiff.

The record before us shows that Mrs. Brown read the bill of sale and knew its contents. It is claimed, however, that the agreement to support her husband and his family did not come under her personal observation, and the evidence is not altogether clear upon that subject; but, in view of the fact that the plaintiff not only assumed this obligation as one of the considerations for the transfer of the property to her, but actually fulfilled the same for the remainder of the year, and in view of the further fact that she fails to show that the moneys paid by her to Clark were her moneys, or to satisfactorily explain from what source she obtained the same, we are of

the opinion that the conclusion reached by the jury was not warranted by the evidence, and that, consequently, a new trial should be directed.

Order reversed on the facts and a new trial ordered, with costs to abide the event.