The Saugerties Bank, Respondent, *v.* James C. Mack and Jane C. Mack, Appellants.

*Fraudulent transfer — evidence establishing the fraud — books of account kept by the transferrer — when admissible against both the transferrer and transferee.*

Evidence that after a debtor had transferred his business to his mother, the business was carried on by the mother in substantially the same manner that it had been theretofore, the son being put in charge at a salary of twenty-five dollars per week, payable out of the proceeds of the business, under an agreement entered into at or about the time the transfer was made, is very strong evidence of fraud, especially when taken in connection with the fact that the value of the property transferred was largely in excess of the alleged consideration for the transfer, and that the debtor failed to enter upon his books receipts from

the business amounting to several thousand dollars received by him at or immediately preceding the transfer.

Where the consideration for the transfer was an alleged loan made by the mother to the son, the books of account kept by the son, showing that whatever moneys had been loaned to him by his mother, had, prior to the transfer, been substantially repaid, are admissible in evidence not only against the son but also against the mother.

APPEAL by the defendants, James C. Mack and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 22d day of September, 1897, upon the decision of the court rendered after a trial at the New York Special Term setting aside certain instruments on the ground of fraud.

*L. Laflin Kellogg,* for the appellants.

*Edward A. Hibbard,* for the respondent.

McLAUGHLIN, J.:

This is an action by a judgment creditor to set aside certain transfers on the ground that they were made with intent to hinder, delay and defraud creditors. The plaintiff had a judgment for the relief asked, from which the defendants have appealed. We are entirely satisfied with the conclusion reached by the trial court, and we are unable to see how any other conclusion could have been reached upon the facts presented.

The defendants are mother and son, and at the time when the son made the transfers referred to, no actual consideration passed from her to him. The transaction, however, was attempted to be sustained upon the ground that he was indebted to her for money previously loaned, but the facts presented clearly established that he was not indebted to her at that time, and that the transfers were simply an effort to put all his property beyond the reach of creditors.

(1) The account given by the mother of the loan, as well as that given by the son, was unreasonable and unworthy of belief. She testified that she obtained a part of the money from the "Old country" and the balance by her own labor, and when asked in what way she kept an account of the amounts loaned she replied, "I kept account in my head. Q. Then you never put down on any paper the amount? A. No, sir." And the son testified that he kept account of it for some time and then stopped for the reason, as he said, "I knew I could trust my mother."

(2) The books of account kept by the son show that whatever money had been loaned to him by his mother had, prior to the time of the transfers, been substantially repaid. These books were admissible, not only against the son, but also against the mother. This is precisely what the Court of Appeals held in *White* v. *Benjamin* (150 N. Y. 258). The books also showed other entries equally significant. They showed that at or about the time when some of the money was claimed to have been loaned, the son actually paid to the mother money, and it is incredible that the son would go through the idle ceremony of borrowing money from his mother one day for the sake of repaying it to her the next.

(3) Other facts were made to appear indicating fraud. The business carried on by the son was, after the transfer, carried on by the mother in substantially the same manner that it had been theretofore. The son was put in charge at a salary of twenty-five dollars per week, payable out of the proceeds of the business, under an agreement entered into at or about the time the transfers were made. It might well be questioned whether this agreement was not in and of itself sufficient evidence of fraud to justify the court in granting the relief which it did. (*Brown* v. *Sherman*, 16 App. Div. 579; *Kain* v. *Larkin*, 4 id. 209.) It certainly was very strong evidence of it when taken in connection with the fact that the value of the property transferred was largely in excess of the alleged indebtedness, and that the son failed to enter upon the books certain receipts from the business amounting to several thousand dollars, received by him at or immediately preceding the transfers.

The acts and declarations of the defendants, their relation to each other, the manner in which the books of account were kept, the management of the business both before and subsequent to the transfer, and the value of the property transferred, all indicate a scheme or purpose to put substantially all the property of the son beyond the reach of his creditors — and the trial court was amply justified in reaching that conclusion and setting aside the transfers.

The judgment should be affirmed, with costs.

VAN BRUNT, P. J., PATTERSON, O'BRIEN and INGRAHAM, JJ., concurred.

Judgment affirmed, with costs.