## Sarah Auburgh v. Lucy A. Lydston, et al.

### Gen. No. 11,418.

1. FRAUDULENT CONVEYANCE—*when so deemed.* A conveyance by a husband to his wife of all his property without consideration other than the purported release of the obligation of the husband thereafter to support his wife, is fraudulent as to and may be set aside at the instance of creditors existing at the time of the making thereof.

2. FRAUDULENT CONVEYANCE—*presumption as to.* The presumption is that a conveyance made by a husband to his wife at the time of his financial embarrassment is, as against creditors, voluntary and therefore fraudulent as to them.

Bill to set aside fraudulent conveyance. Appeal from the Superior Court of Cook County; the Hon. JESSE HOLDOM, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1903. Reversed and remanded. Opinion filed January 6, 1905.

**Statement by the Court.** Appellant, Sarah Auburgh, filed her bill of complaint in the Superior Court of Cook County to set aside as fraudulent and void a deed executed by George N. Lydston, deceased, in his lifetime, to the defendant Lucy A. Lydston, appellee, then his wife and now his widow, conveying to her certain real estate described in the bill. The other appellees, children and heirs at law of George N. Lydston, were also made defendants to the bill. Answers were filed by the defendants, and replications to the answers. On final hearing the bill was dis-

missed for want of equity, and complainant prosecutes this appeal from that decree.

There is no controversy as to the material facts. Appellant when thirteen years of age entered the employ of George N. Lydston and appellee Lucy A. Lydston, his wife, as a house servant, and remained with them in that capacity for nearly ten years, until the summer of 1884, when Mrs. Lydston went east with her children and complainant left their employ. From that time appellant worked in various places, and in 1892 entered the employ of Marshall Field & Co., where she remained until the hearing in this case.

In the year 1888 appellant loaned to or deposited with George N. Lydston at three different times, small amounts, making a total of $661, which she had saved from her earnings. Lydston was engaged in the business of a saloonkeeper and in 1888 he had a saloon on Cottage Grove avenue in Chicago. In June, 1890, Lydston sold his saloon for $6,000. Appellant, hearing of the sale, went to him for her money. Lydston paid her $500 and gave her his note for $161, the remainder due her at that time. This note has never been paid.

When Lydston sold his saloon it appears that he was largely indebted to Chapin & Gore and to Shibley & Co., and to appellant and perhaps others. Prior to this time he had been a speculator for years on what is called the Open Board of Trade, and continued his speculations more or less up to the time of his last sickness. According to his statement to Thomas Auburgh, a brother of appellant, in the fall of 1890, he had lost all his money on the Open Board.

On January 15, 1891, George N. Lydston borrowed of appellant $500, giving her his note for that amount with interest at six per cent. Within a month after borrowing this money of appellant, Lydston executed to his wife the deed sought to be set aside conveying to her the house and lot known as No. 618 Washington Boulevard, Chicago, with the furniture therein. The consideration named in the deed was " one dollar and other good and valuable con-

sideration." From the evidence offered by appellees it
appears that the actual consideration for the deed was a
release which his wife gave him, releasing him from all
claims for support in the future. The property was worth
about $8,000 and was incumbered to the amount of $3,000
at the time the deed was given. This incumbrance was
afterwards paid by appellee G. Frank Lydston, a son.
This property was the family home during the time appel-
lant worked for the Lydstons.

George N. Lydston died June 26, 1893, intestate, leaving
no estate, and leaving debts unpaid of about $3,000, which
were allowed in the Probate Court against the estate, in-
cluding $661 and interest thereon due appellant.

HENRY W. MAGEE and JOSIAH BURNHAM, for appellant.

STEDMAN & SOELKE, for appellees; DANIEL MORSE ELLIOTT,
of counsel.

MR. JUSTICE SMITH delivered the opinion of the court.

At the time the conveyance was made by Lydston to his
wife, February 10, 1891, he was indebted to appellant and
others in large amounts and was in embarrassed circum-
stances. The property described in the deed was the only
property he had, and he was therefore left with no prop-
erty with which to meet his existing liabilities. It is not
claimed by appellees that he received anything in the way
of money or property from his wife in exchange for the
house and lot which he conveyed to her. The papers exe-
cuted between Lydston and his wife at the time the deed
was made show that the only thing which he received for
the transfer of his house and lot, and an assignment of
his furniture therein to his wife, was a paper in which she
purports to release him from any further responsibility for
her support. Clearly, then, the necessary effect of the deed
was to hinder and delay the creditors of Lydston, whose
debts then existed. Lydston must be held to have intended
that the deed would have that effect. "If the act done
will necessarily have the effect of hindering and delaying

creditors, the law presumes that it was done with that fraudulent purpose and intent." Harting v. Jockers, 136 Ill. 632; Moore v. Wood, et al., 100 Ill. 451; Emerson v. Bemis, 69 Ill. 537; Lukins v. Aird, 6 Wall. 78; Bump on Fraudulent Con., 246–282. The deed was then presumptively fraudulent as to appellant and other creditors whose debts existed when it was executed.

There is another presumption as to conveyances from husband to wife when the grantor is financially embarrassed, and that is that they are presumed to be voluntary. Wait on Fraud. Conv., secs. 7, 94; Robbins v. Armstrong, 84 Va. 810. These presumptions throw the burden of establishing the fairness and good faith of the transaction upon the grantee, Lucy A. Lydston. The only answer made ₐby Mrs. Lydston to this situation disclosed by the record is the release from further support given by her at the time the conveyance was made; and therefore the final question in the case' is whether or not, under all the circumstances disclosed by the evidence, this release makes the transaction fair and honest, not only as between the parties to it but as to the creditors who were affected by it. We are of the opinion .that it does not relieve the transaction of its fraudulent character. If we consider the release in question as good in law and as constituting a valid consideration for the deed as between the husband and wife, which we regard as very doubtful, but express no opinion thereon, the transaction was necessarily a disposition of all the property Lydston had for his own personal use and benefit. By the making of the deed he relieved himself of the burden of supporting his wife in the future, thus securing to himself a continuing financial benefit, and at the same time withdrawing the property conveyed from his estate and from the reach of his creditors in the ordinary proceedings at law to collect their debts.

It is undoubtedly true that Mrs. Lydston had a right to be supported by her husband, and no criticism is to be made of any reasonable provision for that purpose according to his state and condition in life, provided enough prop-

erty is left for the payment of his debts. But, "every man is bound to be just before he is generous," and this rule will not tolerate the withdrawal of the whole of his estate, substantially, from the reach of his creditors and placing it in the hands of his wife, for her benefit or for his own benefit. Emerson v. Bemis, 69 Ill. 540. The conveyance of the property in question to Mrs. Lydston was directly calculated to delay and hinder the creditors of George N. Lydston in the collection of their debts, and has had that effect. Lydston must be held to have intended the effect which his act has produced. The property described in the deed and the bill of complaint should be made subject to the payment of the debt of appellant as a prior creditor of Lydston.

The decree must be reversed and the cause remanded for further proceedings in conformity with this opinion.

*Reversed and remanded with directions.*