[No. 17205. Department One. June 26, 1922.]

A. S. CONLEY, *Appellant,* v. C. M. S. KIPLING *et al.,*
   *Defendants,* W. A. MILLER, *as Trustee etc., et*
   *al., Respondents.*[1]

ASSIGNMENT FOR CREDITORS (9)—PREFERENCES—RIGHT TO PREFER CREDITORS. Where a stipulation and a decree in divorce provided that the property set apart to the husband should be conveyed to a trustee to sell for the benefit of creditors, a subsequent agreement made by the husband with his creditors making certain reservations in the trust agreement was a voluntary one and valid, though it created a preference.

GARNISHMENT—PROPERTY SUBJECT—PROCEEDINGS—TITLE TO REAL PROPERTY. Under Rem. Comp. Stat., §§ 682, 683, providing that garnishment affects only personal property, the contention that a conveyance of real property preferring certain creditors was void because of reservations of the debts cannot be raised, since the title to real property cannot be tried in garnishment.

ASSIGNMENT FOR CREDITORS (13)—PROPERTY CONVEYED—RESERVATIONS TO DEBTOR. An assignment for the benefit of certain creditors is not invalidated by the debtor's reserving the right to approve the price for which the property is to be sold by the trustee, the debtor to receive the surplus, as the provisions are not detrimental to the other creditors.

SAME (13). Secret reservations to a debtor as to some of the property transferred to a trustee for the benefit of creditors will be

[1]Reported in 208 Pac. 17.

segregated by the court and will not invalidate the transfer of portions not subject to the reservations.

SAME (22)—SALE OR OTHER DISPOSITION OF ASSETS—PAYMENT OF LIEN. Upon a transfer to a trustee for the benefit of creditors of property subject to a lien for attorney's fees, the payment of the fees by the trustee will be presumed, in the absence of evidence to the contrary, to have been made from property subject to the lien.

Appeal from a judgment of the superior court for Pierce county, Card, J., entered September 23, 1921, upon findings in favor of the defendants, dismissing garnishment proceedings, tried to the court. Affirmed.

*John E. Belcher,* for appellant.

*Porter & Healey,* for respondents.

BRIDGES, J.—In the first place, one G. E. Krause brought suit in the superior court of Pierce county, seeking divorce from his wife. During the pendency of that action, the court issued an order to the respondent banks requiring them to appear and show cause why they should not be restrained from paying any moneys to either of the parties to the divorce action pending its determination. In answer to this show cause order, the banks set up the fact that both Krause and his wife were indebted to them in various considerable sums, and asked the court to protect them in the division of the property belonging to Krause and wife. At the trial the court announced that he would award to Krause three separate pieces of improved real estate, and the stock constituting a millinery shop, and certain other property. At that time it was agreed between the attorneys representing the parties in the divorce action that the decree of divorce should provide, among other things, that the real estate above mentioned and stock of millinery to be given to Krause should be by him transferred to the respondent Miller, as trustee, with power to sell and dispose of such prop-

erty for the purpose of raising money to pay the indebtedness owing the banks, and if any surplus remained it should be paid by the trustee to the plaintiff Krause. Thereafter the court granted a divorce to Krause and embodied the foregoing stipulations in the decree. Shortly thereafter Krause made his deed conveying to Miller, trustee, the above mentioned real estate, and, also, a bill of sale conveying to him the stock of merchandise.

Contemporaneously with the making of the deed and bill of sale, Krause and the banks entered into a written agreement which referred to the order of the court directing Krause to convey the property to Miller, as trustee, and which provided that the trust created by the deed and bill of sale was to continue for the period of six months, during which time the trustee should have the right and power to sell and dispose of the property, real and personal, and apply the proceeds derived therefrom towards the payment of the debts owing to the banks. This instrument further provided, that, until the sale of such property, Krause was to receive the rents from the two or three pieces of real estate. It was further provided that the trustee should sell the property only for an adequate price, and that if Krause was dissatisfied with the price which the trustee could obtain, he was to have the right, during the period of thirty days, to find a purchaser at an increased price. The agreement further provided that any surplus left after paying the banks should be paid by the trustee to Krause. The deed from Krause to the trustee was duly recorded, but the contract was not recorded and the plaintiff was ignorant of its contents.

Within the six-months period, the trustee disposed of the merchandise and the proceeds were paid to the banks. Within the six-months' period, the trustee

deeded the real estate to the banks for an agreed consideration, which consideration was applied on the amounts owing the several banks. These proceeds have not fully discharged Krause's debt to the banks. There is no serious contention that the trustee failed to perform his duty, or that the property did not sell for a reasonably adequate price.

During all of the times hereinabove mentioned, the plaintiff in this action was a creditor of Krause. After the divorce action, and after Krause had deeded his property to Miller, the trustee, the plaintiff brought suit against Krause and obtained a money judgment against him. Being unable to obtain anything on execution, he sued out writs of garnishment which were served on the respondents, who answered, denying that, at the time of the service of the writs upon them, or at the time of their answers, they were indebted to Krause in any sum, or had in their possession any property or effects belonging to Krause or in which he had an interest. The plaintiff, by affidavits, controverted these answers and the matter came on for trial upon the pleadings thus made up. The lower court dismissed the proceeding, and the plaintiff has appealed.

The appellant contends that the court did not have any power or jurisdiction in the divorce action to order that all of the property of Krause and his wife be surrendered in payment of a part of their creditors, and that the action of the court amounted to a fraud upon the appellant, who was at that time a creditor of Krause; that, even if the court acted within its power, there was a secret written agreement between the banks and Krause whereby Krause reserved to himself certain rights and interest in the property which he simultaneously conveyed to Miller, and that such secret trust voids the whole transaction; that the pay-

ment by the trustee of several hundred dollars to one Burmeister was in violation of the trust. On the other hand, the respondents contend that the court, in the divorce action, had all the parties before it and had a right to make such disposition of the property as it saw fit; and that, in any event, Krause had a right to voluntarily prefer the respondents, and that there was nothing in the conduct of the parties concerning the trust which would make the transfer to Miller invalid; and that, in any event, the appellant cannot, by means of a writ of garnishment, reach any of the property which was deeded to the trustee.

(1) The appellant concedes that a failing debtor has a right to voluntarily prefer some of his creditors, and thus pay them partially or in full, and leave other creditors without having received anything. But he contends that the transfer by Krause to the trustee of practically all of his property was done under and by virtue of the order of the superior court made in the divorce proceeding, and that the court there had no power or authority to make an order requiring Krause to prefer certain of his creditors, and that, for this reason, the transfer by Krause to Miller was in fraud of the appellant, as one of Krause's creditors, and therefore void.

We do not find it necessary to decide whether the court had authority in the divorce case to make the order or judgment complained of. The court in that case had the power to, and actually did, award to Krause all of the property involved here. In that action Krause consented that the court might embody in its decree a direction to him to give the trust deed here involved. For the purposes of this action, we may totally disregard that portion of the decree of the court in the divorce case which directed Krause to give the trust deed to Miller for the benefit of the

banks, because the record conclusively shows that such provision was placed in the decree at the suggestion of Krause, and that, after the decree was made, Krause voluntarily deeded the property to Miller, as trustee, and at the same time entered into the written agreement which we have hereinbefore mentioned. The decree did not provide for any reservation to Krause. In fact, he refused to deed the real estate unless these reservations were made. He did not comply with the order of the court. In making the deed and contemporaneous contract he acted voluntarily and not in obedience to the court's order. We must hold, therefore, that Krause acted voluntarily in deeding the property to the trustee for the benefit of a portion of his creditors, and that he had a legal right so to do.

(2) The appellant, however, strongly contends that the contemporaneous contract created in the grantor certain secret reservations of benefits in the property, and that these voided the whole transaction. He rests his argument upon the well known legal principle that one may not transfer the complete title to his property, thus apparently vesting it in another, and at the same time secretly reserve a beneficial interest, because to permit such to be done would be to permit a failing debtor to apparently put his property beyond the reach of his creditors and yet secretly retain certain interests and rights therein. He further contends that such secret reservations void the whole transaction, even though the parties to the transaction had no fraudulent purpose in mind, and that if the transaction, as a matter of fact, tends to defeat the rights of creditors, the intention of the parties concerning reservations is not material. Appellant attempts to bring himself within the doctrine found in *Lukins v. Aird,* 73 U. S. 78, 18 L. Ed. 750; 12 R. C. L.

543 *et seq;* 20 Cyc. 562. In so far as this contention affects the real estate involved, we cannot consider it. It will be remembered that this whole proceeding rests on a writ of garnishment, and under our statute one may not, by such a writ, affect or inquire into the title to real estate. Section 682, Rem. Compiled Stat., reads:

"Before the issuance of the writ of garnishment the plaintiff or someone in his behalf shall make application therefor by affidavit, stating the facts authorizing the issuance of the writ, and that the plaintiff has reason to believe, and does believe, that the garnishee, stating his name and residence, is indebted to the defendant, or that he has in his possession, or under his control, personal property or effects belonging to the defendant, or that the garnishee is an incorporated or joint stock company, and that the defendant is the owner of shares in such company or has an interest therein."

Section 683 of the same code provides that, upon the making of the affidavit above mentioned, a writ of garnishment shall issue commanding the garnishee defendant:

". . . to appear before the court from which it is issued within twenty days after the service of the writ upon him, if the same be served upon him within the county in which the same is issued, . . . and to answer on oath what, if anything, he is indebted to the defendant, and was when such writ was served, and what personal property or effects, if any, of the defendant he has in his possession or under his control, or had when such writ was served."

It will thus be observed that a person may not, by a writ of garnishment, bring before the court real estate or any interest therein. There are appropriate actions whereby the appellant, as a judgment creditor, may bring before the court real estate involved and have it determined whether the transaction com-

plained of, in so far as such real estate is affected, was void, but the courts are without authority to inquire into the title to real estate in a proceeding based entirely upon a writ of garnishment. Because of this situation we do not determine whether the transfer of the real estate was or was not void as to. this appellant.

(3) What we have said, however, as to the real estate is not applicable to the personal property involved. The testimony shows that a part of the property transferred to the trustee was the stock of goods in a millinery store, and that the trustee, by virtue of his trust, disposed of these goods and paid the proceeds derived therefrom to the banks, which applied such payments towards the discharge of Krause's indebtedness to them. Unquestionably this property, or the proceeds of it, can be reached by a writ of garnishment, and it is, therefore, in so far as that property is concerned, necessary for us to determine whether its transfer was in violation of the rights of the appellant. The appellant contends that there were three kinds of reservation to the benefit of Krause, the vendor; first, if the property brought more than sufficient money to pay the banks, the surplus should be by the trustee turned back to Krause; second, he reserved the right to be consulted concerning the price that any of the property should sell for, and if he was dissatisfied with the bid obtained by the trustee, he should have the right, for the period of thirty days immediately following, to find a purchaser who would give more for any such property; and third, he reserved the right to collect the rents from the real estate until such time as it was sold.

The mere fact that the vendor reserved the right to be consulted as to the price at which the property was to be sold by the trustee cannot be considered a reser-

vation of a beneficial interest in the vendor, or at least not such a beneficial interest as would be detrimental to his other creditors. It was his duty to them to see that the property was not sacrificed when it was sold, and anything which he might do to increase the amount of money derived from any such sales would be to their benefit rather than to their detriment, and a creditor who has not been injured by a reservation cannot complain. This argument is also applicable to the reservation of the right to have any surplus money paid back to Krause. The only reservation which, under any reasoning, could void the whole transaction would be the one which permitted Krause to collect for himself the rents of the property until such time as it could be sold. We may concede, for the purposes of this action, but not decide, that such last named reservation would, under proper circumstances, be in violation of the rights of the appellant, yet such concession would not entitle the appellant to the relief which he seeks on account of the personal property. The reservation with reference to the collection of the rents was entirely with reference to the real estate and did not in any wise affect this personal property. It is the general rule that, where several pieces of property have been transferred, and there are secret reservations as to some but not as to other portions, the courts will segregate the property and uphold the transfer to that portion concerning which there were no secret reservations. Under this view, the transfer of the title to this personal property was valid and appellant cannot complain.

(4)   It appears that Mr. Burmeister was the attorney for Mr. Krause in the divorce action, and filed an attorney's lien on the real estate conveyed to the trustee, for his attorney's fee, and that the trustee paid the attorney certain sums of money in order to

secure a release of this lien so that the real property might be sold. The appellant complains about this payment. But it is not shown that the payment was made from the proceeds of the personal property transferred to the trustee, and since the lien was only against the real estate, we must assume that that property bore this burden.

The judgment is affirmed.

Parker, C. J., Fullerton, Mitchell, and Tolman, JJ., concur.